UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nellie C. Bradley, | C/A No. 4:09-CV-2113-TLW-TER |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Florence City Police Department, *c/o Chief Anson Shell*; Light House Care Ministries Conway SC, *owners*, | |
| Defendants. | |

## *Background of this Case*

The plaintiff is a resident of Florence, South Carolina. She has brought suit against the City of Florence Police Department and a religious ministry in Conway, South Carolina. She has submitted a complaint on a federal prisoner form typically used to file *Bivens* actions. Although the plaintiff indicates that she was arrested on the week of July 16, 2009, and spent a week in jail, the "STATEMENT OF CLAIM" portion of the complaint (Entry No. 1) and the two supplemental attachments to the complaint (Entry No. 5 and Entry No. 6)[1] reveal that the plaintiff is actually complaining about the adherence (or non-adherence) of modern churches and modern religious institutions to what the plaintiff believes are the teachings of Jesus and the early Christian Church.

---

[1]For example, the documents submitted as Entry No. 6 suggest that the plaintiff rejects the doctrine of the historic episcopate (also known as apostolic succession) of the Anglican communion and the Roman Catholic Church.

1

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nevertheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

The plaintiff's religious claims are not cognizable in a United States District Court because the Establishment Clause of the First Amendment prohibits federal courts from getting involved in religious disputes. In the United States, there is no connection between governmental (state or federal) courts and Ecclesiastical Courts. *See Oliverson v. West Valley City*, 1994 U.S.Dist. LEXIS 19383 (D. Utah, Nov. 10, 1994) (comparing jurisdiction and functions of secular and ecclesiastical courts in pre-modern England)[no WESTLAW citation available], *later proceeding reported at* 875 F. Supp. 1465 (D. Utah 1995) (also comparing jurisdiction and functions of secular and ecclesiastical courts in pre-modern England); and *cf. Stephens v. Herring*, 827 F. Supp. 359 (E.D. Va. 1993). As a court of limited jurisdiction, the United States District Court for the District of South Carolina has

no jurisdiction over disputes concerning ecclesiastical law, rabbinical law, Canon Law, or religious disputes. *See Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976); *EEOC v. Catholic University of America*, 856 F. Supp. 1 (D.D.C. 1994), *affirmed*, 317 U.S.App.D.C. 343, 83 F.3d 455 (D.C. Cir. 1996); and *Nunn v. Black*, 506 F. Supp. 444 (W.D. Va. 1981), *affirmed*, 661 F.2d 925 (4th Cir. 1981)[Table]. As a result, a district court's exercise of jurisdiction over religious matters would violate the Establishment Clause. *See Serbian Eastern Orthodox Diocese v. Milivojevich*; and *Fraser v. Salvation Army*, 1998 U.S.Dist. LEXIS 209, 1998 WL 13272 (E.D. Pa., Jan. 15, 1998) ("Because, the underlying controversy is of an ecclesiastical nature this court lacks jurisdiction to review this action."); and *EEOC v. Roman Catholic Diocese of Raleigh, North Carolina*, 213 F.3d 795 (4th Cir. 2000). *See also Commack Self-Service Kosher Meats, Inc v. Weiss*, 294 F.3d 415 (2nd Cir. 2002) (invalidating State of New York's kosher food fraud law under Establishment Clause).

Even though the plaintiff was arrested and jailed, there is no indication that the criminal proceedings relating to her arrest have been concluded. The holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 549 U.S. 384 (2007), but the above-captioned case is still subject to summary dismissal. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[4] *Nivens v.*

---

[4]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v.*
(continued...)

5

*Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc* 1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

*Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice*. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed,

---

(...continued)
*State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

6

as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

                                    s/Thomas E. Rogers, III
August 21, 2009                  Thomas E. Rogers, III
Florence, South Carolina       United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).